### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BRUCE STEWART,

                    Petitioner,                    Case Number: 04-71707

v.                                                 HONORABLE PAUL D. BORMAN

FABIAN W. LAVIGNE,

                    Respondent.
_____/

### OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Petitioner Bruce Stewart, a state inmate currently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for carjacking and felony firearm. For the reasons set forth below, the Court denies the petition.

### I. Facts

Petitioner's convictions arise from a carjacking in Dearborn, Michigan on February 19, 2000. Kirk Butler testified that, on that date, at approximately 3:00 p.m., he was washing his vehicle, a 1979 Mercedes-Benz, at a self-serve carwash. He testified that a man approached him from behind and told him to get into his car. The man, who Mr. Butler later identified to be Petitioner, was carrying a gun. A second man then approached the vehicle. Petitioner gave the second man the gun and got into the vehicle's

driver's seat.  Mr. Butler entered the front passenger seat.  The second man sat in the rear

seat.  Petitioner drove the car out of the carwash and asked Mr. Butler to give him

everything of value that he had with him.  Mr. Butler handed over his wallet, cellular

telephone and watch.  Petitioner then told Mr. Butler to get out of the car.  Mr. Butler

complied.  He then called police.  Later that same day, Mr. Butler left the country on a

business trip.  When he returned approximately two weeks later, police informed him that

they had recovered his vehicle.  Mr. Butler viewed a photographic lineup from which he

identified Petitioner as the man who first approached him.

Detroit Police Officer James Pierce testified that he arrested Petitioner on February

20, 2000, when he and his partner saw Petitioner inside a Mercedes-Benz which was

stopped in the middle of Brammel Street in the City of Detroit.  Officer Pierce testified

that, when Petitioner saw the patrol car, he started driving away.  He made a turn without

signaling.  The officers then turned on their overhead lights.  Petitioner did not stop the

vehicle.  Instead, he jumped out of the vehicle while it was moving.  The officers gave

chase and apprehended Petitioner.  Officer Pierce then discovered that the Mercedes had

been taken in a carjacking and placed Petitioner under arrest.

Petitioner testified in his own defense.  He claimed that, on the afternoon of the

carjacking, he was at his children's mother's house with his fiancee, Tanja Robinson,

until approximately 2:00 or 3:00 p.m., when he was picked up by Angelo Hassan and

driven to Hassan's house so that he could complete some house projects there.  Petitioner

testified that the following day, he noticed a car parked on the side of his house with the

2

keys in it.  Petitioner used the car to drive a friend of his to work.  He testified that he fled when he saw police officers because he assumed the vehicle was stolen.

## II.  Procedural History

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of carjacking and felony firearm.  On December 13, 2000, he was sentenced to nine to twenty years imprisonment for the carjacking conviction and two years imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals presenting the following claims:

> I.    Defendant Stewart's convictions must be reversed because direct evidence of an illegal photographic identification was introduced at trial, and the trial judge improperly allowed an in-court identification without an independent basis.
>
> II.   Defendant Stewart's convictions must be reversed because the trial court abused its discretion by admitting evidence of Mr. Stewart's prior convictions.
>
> III.  If Mr. Stewart's convictions are not reversed, the case should be remanded for resentencing because the trial judge erroneously believed he could not sentence below the range of the guidelines.

The Michigan Court of Appeals affirmed the convictions and sentences.  People v. Stewart, No. 232244 (Mich. Ct. App. Sept. 20, 2002).

Petitioner filed a delayed application for leave to appeal in the Michigan Supreme Court, raising the same claims presented to the Michigan Court of Appeals.  The Michigan Supreme Court denied leave to appeal.

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the same claims presented in state court.

### III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA") applies to all habeas petitions filed after the effective date of the act, April 24, 1996. Because Petitioner's application was filed after April 24, 1996, the provisions of the AEDPA, including the amended standard of review, apply to this case.

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court

4

factual determinations.  28 U.S.C. § 2254(e)(1)[1]; *see also* <u>Cremeans v. Chapleau</u>, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

<u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." <u>Id.</u> at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .

---

[1]        28 U.S.C. § 2254(e)(1) provides, in pertinent part:

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

5

> [A]n unreasonable application of federal law is different from an incorrect
> application of federal law. . . . Under § 2254(d)(1)'s "unreasonable
> application" clause, then, a federal habeas court may not issue the writ
> simply because that court concludes in its independent judgment that the
> relevant state-court decision applied clearly established federal law
> erroneously or incorrectly.  Rather, that application must also be
> unreasonable.

Id. at 410-11.

## IV.  Analysis

### A.  Identification Testimony

In his first claim for habeas relief, Petitioner argues that the trial court permitted an in-court identification that was the product of an improper photographic lineup. Petitioner maintains that the lineup was improper because: a corporeal lineup, rather than a photographic lineup should have been conducted, Petiitner was entitled to counsel at the lineup, and the lineup was unduly suggestive.  Petitiner further argues that an independent basis did not exist to support the in-court identification.

"A conviction based on identification testimony that follows a pretrial identification violates the defendant's constitutional right to due process whenever the pretrial identification is so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."  Ledbetter v. Edwards, 35 F.3d 1062, 1070 (6th Cir. 1994).  The United States Supreme Court has held that where an in-court identification was potentially impacted by an impermissibly suggestive out-of-court lineup, the governing test is whether "under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive."  Neil

6

v. Biggers, 409 U.S. 188, 199 (1972).

The last state court to issue a reasoned opinion addressing Petitioner's claim, the Michigan Court of Appeals, held that the lineup was not improper and that, even if the lineup had been improper, admission of the in-court identification was proper because an independent basis existed for the in-court identification. First, the Court of Appeals held that the photographic lineup was appropriate under Michigan law because Petitioner was not in custody at the time the lineup was conducted and, therefore, was not entitled to a corporeal lineup. Stewart, slip op. at 1. Second, the state court held that, under Michigan law, Petitioner was not entitled to counsel at the photographic lineup. Id. at 1-2. Third, the state court held that the lineup was not unduly suggestive. Id. The Michigan Court of Appeals further held that, even assuming that the photographic lineup was unduly suggestive, admission of the in-court identification was proper because there was ample evidence of an independent basis for the identification. Id. at 3. The state court reasoned as follows:

> [T]he victim testified that he observed defendant at close range for approximately twenty minutes in ample lighting. Furthermore, the victim remained calm during the ordeal and testified that he paid close attention to defendant's physical features. Defendant alleges a discrepancy between the victim's initial description of the perpetrator and defendant's actual appearance, but the record fails to disclose whether an actual discrepancy existed, and if so, to what degree. Accordingly we find that there is a clear independent basis for the victim's in court identification of defendant which renders moot defendant's claim about the photographic lineup.

Stewart, slip op. at 2-3.

Although not citing Neil v. Biggers, the Michigan Court of Appeals applied the

7

standard articulated therein and determined that the identification testimony was properly

presented to the jury because an independent basis for the in-court identifications existed.

In addition, a criminal defendant has no constitutional right to a corporeal lineup. *See*

Branch v. Estelle, 631 F.2d 1229, 1234 (5th Cir. 1980); United States v. King, 461 F.2d

152, 155 (D.C. Cir. 1972).  Further, when a defendant is not in custody, there is no

constitutional right to counsel at the lineup.  United States v. Ash, 413 U.S. 300, 321

(1973).  Petitioner has failed to show that the state court's decision to admit the

identification testimony was contrary to or an unreasonable application of Supreme Court

precedent.  Thus, Petitioner's rights were not violated by the admission of this testimony.

## B.  Admissibility of Petitioner's Prior Convictions

In his second claim for habeas corpus relief, Petitioner argues that the trial court

erred in admitting evidence of the following three prior convictions for impeachment

purposes: receiving and concealing stolen property, attempted breaking and entering, and

entry without breaking.  Petitioner maintains that the trial court improperly applied the

test set forth in Michigan Rule of Evidence ("M.R.E.") 403, rather than that set forth in

M.R.E. 609, when determining the admissibility of his prior convictions.  In addition,

Petitioner claims that the trial court erred in not permitting defense counsel to elicit

testimony from him regarding these prior convictions on direct examination.

The Michigan Court of Appeals held that, while the trial court misinterpreted

M.R.E. 609 and mistakenly applied the test under M.R.E. 403, the evidence was clearly

admissible under M.R.E. 609.  The state court reasoned, in pertinent part:

8

Evidence is admissible under M.R.E. 609 if its probative value outweighs its prejudicial effect . . .

In determining the potential for prejudice, a trial court may consider only the similarity of the conviction to the charged offense, and the possible effect on the defendant's decision to testify. . . . Because defendant chose to testify regardless of the admission of the prior convictions, this issue is moot. Each prior conviction involved an element of theft. . . . One of the elements of the charged crime, carjacking, is the theft of a motor vehicle. M.C.L. 750.529a. However, not all of the elements of the crimes are similar because carjacking also involves an element of assault. Id. This court has held that evidence of a prior conviction for burglary was admissible in a prosecution for armed robbery because the assault element in the latter offense sufficiently distinguished the two offenses under M.R.E. 609. People v. Finley, 161 Mich. App. 1, 6; 410 N.W.2d 282 (1987). Accordingly, the assault element sufficiently distinguishes the prior convictions and the evidence is admissible under M.R.E. 609. The prior convictions were not similar to the charged offense and their probative value outweighed the prejudicial effect.

Stewart, slip op. at 3.

"'[F]ederal habeas corpus review does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 67 (1991), *quoting* Louis v. Jeffers, 497 U.S. 764, 780 (1990). "Habeas review does not encompass state court rulings on the admission of evidence unless there is a constitutional violation." Clemmons v. Sowders, 34 F.3d 352, 357 (6th Cir. 1994), *citing* Fuson v. Jago, 773 F.2d 55, 59 (6th Cir. 1985). The Supreme Court has held that the admission of other acts evidence is not "so extremely unfair that its admission violates 'fundamental conceptions of justice.'" Dowling v. United States, 493 U.S. 342, 352-53 (1990), *quoting* United States v. Lovasco, 431 U.S. 783, 790 (1977). The Court held that admission of this type of evidence is appropriately regulated by rules of evidence rather than by the Due Process Clause. Id.

9

Petitioner has failed to show that the trial court's decision to admit evidence of his prior convictions deprived him of his fundamental right to a fair trial or resulted in any other violation of his constitutional rights. Petitioner also has failed to establish that the Michigan Court of Appeals' decision in this regard was contrary to or an unreasonable application of Supreme Court precedent.

Petitioner also claims that the trial court erred in not permitting defense counsel to elicit testimony from him regarding these prior convictions on direct examination. The Court *sua sponte* raises the issue of procedural default with respect to this claim. *See* Elzy v. United States, 205 F.3d 882 (6th Cir. 2000) (holding that court may *sua sponte* raise issue of procedural default).

The doctrine of procedural default provides:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, e.g., to make a contemporaneous objection, or file a motion for a directed verdict. United States v. Frady, 456 U.S. 152, 167-69 (1982); Simpson v. Sparkman, 94 F.3d 199, 202 (6th Cir. 1996). Application of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the

10

conviction of one who is actually innocent." Rust, 17 F.3d at 162; Murray v. Carrier, 477 U.S. 478, 496 (1986).

For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. Warner v. United States, 975 F.2d 1207, 1213-14 (6th Cir. 1992), cert. denied, 507 U.S. 932 (1993). Additionally, the last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. Coleman, 501 U.S. at 729-30. If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

This Court begins its analysis of whether Petitioner's claim is procedurally defaulted by looking to the last reasoned state court judgment denying the claim. See Coleman, 501 U.S. at 729-30. The Michigan Court of Appeals, the last state court to issue a reasoned opinion regarding these claims of prosecutorial misconduct, held that they were not preserved for review because Petitioner failed to object at trial. Stewart, slip op. at 3. Accordingly, the state court's judgment clearly rested on a procedural bar. Therefore, this Court may not review this claim unless Petitioner establishes cause for the default and actual prejudice as a result of the alleged violation of federal law or unless he

11

has demonstrated that failure to consider this claim will result in a fundamental

miscarriage of justice.  Coleman, 501 U.S. at 750.

Petitioner fails to allege cause to excuse the default and he fails to establish that

failure to consider this claim will result in a fundamental miscarriage of justice.

Therefore, this claim is procedurally barred from federal habeas review.

### C.  Sentencing Claim

Petitioner claims that he is entitled to resentencing on the carjacking conviction

because the trial court judge erroneously believed that he could not sentence Petitioner

below the statutory guidelines, in contravention of Mich. Comp. Laws § 769.34(3), which

permits downward departure for "substantial and compelling" reasons.  In making this

assertion, Petitioner relies on several comments that the judge made at sentencing, but

also admits that they were ambiguous and could simply be interpreted to mean that the

judge found no reasons that would justify a downward departure.

In his appeal of right, Petitioner did not claim that there had been a violation of

federal law.  In disposing of this issue, the Michigan Court of Appeals, too, relied solely

on Michigan law, holding that the claim was not reviewable:

> Defendant says that the trial court erred by stating that it could not impose a lower
> sentence.  Absent scoring errors or inaccurate information, we do not review
> sentences that fall within the range specified by the legislative guidelines. People
> v. Babcock, 244 Mich. App 64, 73; 624 NW2d 479 (2000); MCL 769.34(10).  The
> trial court imposed a sentence within the appropriate guidelines range and
> defendant has not alleged that the trial court used inaccurate information or that
> scoring errors occurred.  Accordingly, there is no basis to review the sentence.

Stewart, slip op. at 3.

12

Mich. Comp. Law § 769.34(10), referenced above, limits appellate review of sentences within the guidelines to specific and preserved errors:

> (10) If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.

This claimed ground for relief is not cognizable in a federal habeas corpus proceeding.  "A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."  Howard v. White, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (unpublished opinion).  "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle, 502 U.S. at 67.  Therefore, the Court denies habeas corpus relief on this claim.

## V.  Certificate of Appealability

Finally, the Court addresses whether any of Petitioner's claims warrant the issuance of a certificate of appealability.  Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).  The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997).

13

"When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003).  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  When a prisoner's habeas corpus petition was denied on procedural grounds, a certificate of appealability "should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id</u>.

The Court concludes that reasonable jurists would not find the Court's assessment of Petitioner's claims to be debatable or wrong. Accordingly, the Court holds that Petitioner is not entitled to a certificate of appealability.

## VI.  Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

14

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 22, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 22, 2006.

s/Jonie Parker
Case Manager

15